UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETROCLINT BACLAWSEN SERVICES, LTD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1693** |
| **CLEAR WATER MARINE, LLC, ET AL.** | **SECTION: "P" (1)** |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss Complaint Pursuant to FRCP 12(b)(3) filed by Defendants, Clear Water Marine, LLC ("CWM") and Anibal Bush.[1] Plaintiffs, Petroclint Baclawsen Services LTD ("PBS") and Glenn Heights Oil & Gas LTD ("GHO"), oppose the motion.[2] For the reasons that follow, **IT IS ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.

This action arises from allegations that Defendants defrauded Plaintiffs in the purported sale of two vessels, the M/V BZ Discovery and the M/V Gulf Champion.[3] In connection with the sale of the M/V BZ Discovery, PBS and CWM signed an Agreement of Purchase and Sale in which PBS agreed to pay CWM a sum of money.[4] That agreement included a forum selection clause, providing, "The Parties agree that the sole and exclusive jurisdiction regarding any conflicts involving the transfer of the Vessel or of the obligations of the Parties contained in this agreement or subsequent sale documents shall be Louisiana Seventeenth Judicial District Court located in Thibodaux, LA."[5] The Vessel Purchase Agreement, corresponding to GHO's purchase of the M/V Gulf Champion from CWM, also contained a forum selection clause: "The Parties

---

[1] R. Doc. 11.
[2] R. Doc. 13.
[3] R. Doc. 1.
[4] R. Doc. 1-1.
[5] *Id.* at 4.

hereby agree that any action arising out of this Agreement or the sale of the Vessel will be brought solely in any state or federal court the jurisdiction of which is, or encompasses, Lafourche Parish, Louisiana."[6]

On July 3, 2024, Plaintiffs brought this action against Defendants in this Court.[7] Now, Defendants request that this Court dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and the forum selection clause contained in the Agreement of Purchase and Sale, related to the sale of the M/V BZ Discovery.[8]

As Plaintiffs point out, the proper means of enforcing a forum selection clause, confining disputes to a particular non-federal forum, is through the doctrine of *forum non conveniens*, not through a Rule 12(b)(3) motion.[9] Because Defendants' motion did not include any analysis through the lens of *forum non conveniens* for this Court to consider, the Court denies the motion.[10] The Court will, however, grant Defendants the opportunity to re-urge their arguments under the *forum non conveniens* doctrine in a renewed motion.

For the foregoing reasons, Defendants' Motion to Dismiss Complaint Pursuant to FRCP 12(b)(3) is **DENIED WITHOUT PREJUDICE**. Defendants may re-urge their arguments under the *forum non conveniens* doctrine in a renewed motion.

New Orleans, Louisiana, this 30th day of December 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 1-3 at 6.
[7] R. Doc. 1.
[8] R. Doc. 11.
[9] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).
[10] *See, e.g.*, *Granoff as Trustee of Granoff Acquisition Tr. v. Buoyance, Inc.*, No. 20-1909, 2020 WL 6392579, at *1 (E.D. La. Nov. 2, 2020) (denying motion to enforce forum selection clause brought pursuant to Rule 12(b)(3) rather than *forum non conveniens*).